**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RONALD C. COOK,** ) | **CV F 99-6112 WMW HC** |
| ) | |
| Petitioner, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER RE PETITION** |
| v. ) | **FOR WRIT OF HABEAS** |
| ) | **CORPUS** |
| ) | |
| **WILLIAM DUNCAN, Warden,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

**PROCEDURAL HISTORY**

Petitioner was convicted in Kern County Superior Court on January 18, 1991, of second degree murder with the use of a firearm. Penal Code Sections 187 and 12025.5(a). On April 19, 1991, the court sentenced Petitioner to serve a term of 18 years to life. Petitioner filed a direct appeal and the Court of Appeal for the Fifth Appellate District

("Court of Appeal") affirmed the judgment and sentence.

On May 24, 1996, Petitioner filed a petition for writ of habeas corpus in Kern County Superior Court. The court denied the petition in a detailed ruling entered on December 4, 1996. Exhibit C to Respondent's Answer to Amended Petition. On March 6, 1997, Petitioner filed a petition for writ of habeas corpus in the Court of Appeal. Exhibit D to Respondent's Answer to Amended Petition. The court denied the petition without explanation on August 7, 1998. Exhibit E to Respondent's Answer to Amended Petition. On December 11, 1998, Petitioner filed a petition for writ of habeas corpus in the Supreme Court of California, which denied the petition on June 30, 1999, again without explanation. Exhibit G to Respondent's Answer to Amended Petition. Petitioner filed another petition for writ of habeas corpus in the California Supreme Court on March 24, 2003. Exhibit K to Respondent's Answer to Amended Petition. The court denied the petition on October 22, 2003, with citation to In re Robbins, 18 Cal.4th 770 (1998) and In re Clark, 5 Cal.4th (1993). Exhibit L to Respondent's Answer to Amended Petition.

Petitioner filed the present petition for writ of habeas corpus in this court on August 4, 1999. The case proceeds on the amended petition filed July 9, 2004, the answer to the amended petition filed February 9, 2005, and the amended traverse filed March 9, 2005.

**FACTUAL BACKGROUND**

The Court finds the Court of Appeal correctly summarized the facts in its May 30, 1997 opinion. Thus, the Court adopts the factual recitations set forth by the California Court of Appeal, Fifth Appellate District.

**LEGAL STANDARDS**

A. JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams

2

v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution.  In addition, the conviction challenged arises out of the Kern County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant case was filed on August 4, 1999, after the enactment of the AEDPA, thus it is governed by its provisions.

B.  STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123

S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

When the California Supreme Court's opinion is summary in nature, this court "looks through" that decision and presumes it adopted the reasoning of the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

//

4

**DISCUSSION**

Petitioner raises five contentions in this case, each of which is based on ineffective assistance of counsel. The law governing ineffective assistance of counsel claims is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). Canales v. Roe, 151 F.3d 1226, 1229 (9th Cir. 1998.) In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994). First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. Id. at 688; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995). Judicial scrutiny of counsel's performance is highly deferential. A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994).

Second, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different," 466 U.S., at 694. Petitioner must show that counsel's errors were so egregious as to deprive defendant of a fair trial, one whose result is reliable. Strickland, 466 U.S. at 688. The court must evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness. Id.; Quintero-Barraza, 78 F.3d at 1345; United States v. Palomba, 31 F.3d 1356, 1461 (9th Cir. 1994).

A court need not determine whether counsel's performance was deficient before

examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. Strickland, 466 U.S. 668, 697, 104 S.Ct. 2052, 2074 (1984). Since the defendant must affirmatively prove prejudice, any deficiency that does not result in prejudice must necessarily fail. However, there are certain instances which are legally presumed to result in prejudice, e.g., where there has been an actual or constructive denial of the assistance of counsel or where the State has interfered with counsel's assistance. See Strickland, 466 U.S. at 692; United States v. Cronic, 466 U.S., at 659, and n. 25, 104 S.Ct., at 2046-2047, and n. 25 (1984).

       Ineffective assistance of counsel claims are analyzed under the "unreasonable application" prong of Williams v. Taylor, 529 U.S. 362 (2000). Weighall v. Middle, 215 F.3d 1058, 1062 (2000).

Failure to Object to Petitioner's Extrajudicial Statements as Evidence of Consciousness of Guilt

       Petitioner contends that he was deprived of his Sixth Amendment right to effective assistance of counsel where his trial counsel failed to object to the use of a portion of his extrajudicial statements as evidence of consciousness of guilt when it did not support such an inference. Petitioner states that he tried to explain to police detectives how the shooting occurred, but that due to his impaired memory from severe brain damage, he was wrong about the exact position of the revolver when it fired. He claims that this inaccuracy was the basis for introducing this portion of his statement as evidence of a lie. He argues that it was improper to use this portion of his statement for this purpose, because consciousness of guilt is proven by evidence which shows intent to conceal culpability, not mistaken recall. In his amended traverse, Petitioner describes his first ground for relief as, "Trial Defense counsel failed to request a pretrial determination as to admissibility of an extrajudicial statement on grounds that the portion of it introduced to show consciousness of guilt could not support inference that the statement was intentionally false."

As explained above, because the California Supreme Court's opinion is summary in nature, this court "looks through" that decision and presumes it adopted the reasoning of the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. at 804-05 & n. 3. In this case, that is the Superior Court, which held as follows:

> Petitioner first contends that the Petitioner was denied effective assistance of counsel because trial counsel failed to request a pre-trial ruling regarding a portion of the defendant's statement that petitioner believes should have been ruled inadmissible because it was insufficient to show a consciousness of guilt.
> Petitioner was the only person, other than the deceased victim, present at the actual shooting. After the shooting, the petitioner made a statement to police describing the events surrounding the shooting. Petitioner has singled out a limited portion of the statement made to the police and asserts that the defense attorney should have sought to have that portion of the statement excluded. However, a review of the matter leads this Court to conclude that a motion to exclude the defendant's statement by the defense attorney would not have been granted. In this case, whether the petitioner had some form of brain damage that would make recall of only certain portions of his statement suspect, is properly a question for the jury to decide. Consequently, since a pre-trial motion as suggested by petitioner would have been denied, petitioner cannot now claim ineffective assistance of trial counsel or appellate counsel.

Exhibit C to Respondent's Answer to Amended Petition, 2-3.

The court finds that Petitioner is simply attempting to place a different interpretation on the meaning of his statement that was argued by the prosecution. As the trial court stated, the interpretation of his statement was a matter for the jury. Further this court finds that Petitioner has in no way shown that a motion to exclude would have been granted by the trial court. Failure to make meritless objections does not constitute ineffective assistance of counsel. See, James v. Borg, 24 F.3d 20, 27 (9th Cir. 1994), *cert. denied*, 513 U.S. 935, 115 S.Ct. 333 (1994) (holding that an attorney's failure to make a futile motion is not ineffective assistance of counsel); Shah v. United States, 878 F.2d 1156, 1162 (9th Cir. 1989) (Counsel's failure to raise meritless legal argument does not constitute ineffective assistance of counsel). The court concludes, therefore, that Petitioner has failed to carry his burden of showing that the trial court's decision on this issue amounted to unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28

U.S.C. § 2254(d). Accordingly, the court concludes that this contention provides no basis for habeas corpus relief.

<u>Failure to Introduce Evidence to Contradict Contention that Petitioner's Lied in his Extrajudicial Statements</u>

Petitioner contends that he has a very impaired memory as a result of brain damage suffered in a fall on his head at a construction site in 1970. He claims that this is thoroughly documented in his medical records. Petitioner claims that defense counsel knew about this evidence, but stated in her declaration to the state appellate court that the treating psychiatrist had told her on the telephone the opposite of what his own records showed. Petitioner states that defense counsel refused to submit another declaration as requested by the state appellate court.

Again, the Superior Court ruled on this issue, stating as follows:

> Petitioner next argues that even if the statement was properly admitted into evidence by the Court, the defense counsel should have presented evidence to show that the petitioner had brain damage affecting petitioners memory or ability to correctly recall certain events. At the time of trial, defense counsel argued to the jury that the defendant was simply mistaken as to the location of the gun. The argument of "mistake" was as viable a defense argument as that now being offered by the petitioner. The "mistake" argument allowed defense counsel to use other portions of the petitioner's statement to support the defense position. Petitioner's new theory would make suspect the entire pre-trial statement of the petitioner's. This Court finds no error in the defense counsel's approach to this matter.

Exhibit C to Respondent's Answer to Amended Petition, 3.

The court finds that Petitioner is simply attempting to second guess trial counsel's trial strategy. A difference in opinion as to trial tactics does not constitute denial of effective assistance. <u>See</u>, <u>United States v. Mayo</u>, 646 F.2d 369, 375 (9th Cir.), *cert. denied sub. nom.*, <u>Dondich v. United States</u>, 454 U.S. 1127 (1981). The court concludes, therefore, that Petitioner has failed to carry his burden of showing that the trial court's decision on this issue amounted to unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). The court concludes,

therefore, that this contention provides no basis for habeas corpus relief.

Failure to Object to Use of Evidence of Consciousness of Guilt to Prove an Element of the Offense and Commission of the Specific Act Charged

Petitioner claims that a portion of an extrajudicial statement by him was introduced, not for the truth thereof, but as evidence of lying, to show consciousness of guilt. He claims that this purported evidence of a lie was never used to show such consciousness of guilt but rather the prosecutor kept telling the jury, in essence, that it proved that Petitioner killed the victim. Petitioner does not specify which element of the offense was proved through the use of the statements.

As set forth above, in the last reasoned decision, the Superior Court held that a motion to exclude Petitioner's statement would not have been granted. The Superior Court further rejected Petitioner's claim that the prosecutor made an improper argument to the jury, holding as follows:

> Petitioner also claims that he was denied effective counsel because defense counsel failed to object to the prosecutor's argument to the jury that a portion of the petitioner's statement was false and therefore, showed a consciousness of guilt. Such an objection would most likely have been overruled. CALJIC 2.03 clearly explains how the jury is to consider "consciousness of guilt." Unless the contrary is shown, a jury is presumed to have followed the law. Whether a portion of the petitioner's statement showed a consciousness of guilt, and the weight to be given such statement was a question of fact for the jury to determine. Consistent with the directives provided by CALJIC 2.03, this Court finds that the petitioner was not denied effective assistance of trial counsel or appellate counsel.

Exhibit C to Respondent's Answer to Amended Petition, 2-3.

The court finds that none of Petitioner's arguments demonstrate any error by the district court in analyzing the fruitlessness of the objection which Petitioner now proposes trial counsel should have made. The court concludes, therefore, that Petitioner has failed to carry his burden of showing that the trial court's decision on Petitioner's claim of ineffective assistance of counsel amounted to unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). The court concludes, therefore, that this contention provides no basis for habeas corpus relief.

9

Failure to Raise Claim of Insufficiency of Evidence on Appeal

Petitioner contends that appellate counsel was ineffective for failing to raise the issue of insufficient evidence to support the conviction. Petitioner claims that the evidence consisted essentially of weak and inconclusive ballistics evidence as to the distance of the revolver from the wound when it fired. He argues that he told the police that the shooting was an accident. He argues that the pathologist described the wound as "almost a grazed wound" and that he could not exclude accident. Finally, Petitioner argues that the gunshot residue expert agreed that the deceased could have been holding the gun when it fired.

In the last reasoned opinion, the Superior Court held as follows:

> Finally, petitioner claims that no evidence was presented to contradict petitioner's statement except for where the gun was fired. Petitioner concludes that there was insufficient evidence to find that the petitioner shot the victim and insufficient evidence to support a finding of second degree murder. This Court disagrees. In addition to the direct evidence, there was a significant amount of circumstantial evidence that logically and reasonably would lead one to conclude as the jury concluded. Furthermore, the evidence supports a conclusion of motive and malice on the part of the petitioner. The petitioner and victim had been arguing. Although the argument started in the bar, it eventually ended up in the bedroom. The jury apparently concluded that the petitioner killed the victim. The presumption is, therefore, that the killing was malicious and an act of murder, but murder in the second degree. The verdict of the jury is consistent with the evidence presented.

Exhibit C to Respondent's Answer to Amended Petition, 4. The court finds that Petitioner is simply rearguing the evidence and has no in way shown that the Superior Court's finding of sufficient evidence to support the verdict was erroneous. The court concludes, therefore, that Petitioner has failed to carry his burden of showing that the trial court's decision on the issue of ineffective assistance related to this claim amounted to unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). The court concludes, therefore, that this contention provides no basis for habeas corpus relief.

//
//

Failure to Raise Issue of Petitioner's Competency to Stand Trial

Petitioner contends that he was deprived of effective assistance of counsel because trial counsel did not raise the issue of Petitioner's mental competency to stand trial and to reasonably assist in the preparation of his defense. In support of this contention, Petitioner asserts that in May of 1970, he was knocked off a scaffolding and fell onto a steel "I beam" below, striking head first. He then continued falling towards the ground, still head first, falling a total of 30 feet. Petitioner claims that as a result, his mental age falls between that of a 7 year old and that of a 9 year old; his reasoning falls at about that of a 6 year old; and his ability to understand criminal proceedings and related documents is nil.

Petitioner presented this contention to the California Supreme Court in his petition filed March 24, 2003. The court denied the petition on October 22, 2003, with citation to In re Robbins, 18 Cal.4th 770 (1998) and In re Clark, 5 Cal.4th (1993). Respondent disputes this contention and argues that it is procedurally barred.

A federal court will not review a petitioner's claims if the state court has denied relief of those claims pursuant to a state law that is independent of federal law and adequate to support the judgment. Ylst v. Nunnemaker, 501 U.S. 797, 801, 111 S.Ct. 2590, 2592 (1991); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S.Ct. 2546, 2553-54 (1989); See, also, Fox Film Corp. v. Muller, 296 U.S. 207, 210, 56 S.Ct. 183, 184 (1935). A state court's refusal to hear the merits of a claim because of petitioner's failure to follow a state procedural rule is considered a denial of relief on independent and adequate state grounds. Harris v. Reed, 489 U.S. 255, 260-61, 109 S.Ct. 1038, 1042 (1989). This doctrine of procedural default is based on the concerns of comity and federalism. Coleman, 501 U.S. at 730-32, 111 S.Ct. at 2554-55.

There are limitations as to when a federal court should invoke procedural default and refuse to evaluate the merits of a claim because the petitioner violated a state's procedural rules. Procedural default can only block a claim in federal court if the state court "clearly

11

and expressly states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263, 109 S.Ct. 1038,1043 (1989).  For California Supreme Court decisions, this means the Court must specifically have stated that it denied relief on a procedural ground. Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S.Ct. 2590, 2594 (1991); Acosta-Huerta v. Estelle, 7 F.3d 139, 142 (9th Cir. 1993); Hunter v. Aispuro, 982 F.2d 344, 347-48 (9th Cir. 1991).

In addition, a federal court may only impose a procedural bar on claims if the procedural rule that the state used to deny relief is "firmly established and regularly followed." O'Dell v. Thompson, 502 U.S. 995, 998, 112 S.Ct. 618, 620 (1991) (statement of Blackmun joined by Stevens and O'Connor respecting the denial of certiorari); Ford v. Georgia, 498 U.S. 411, 423-24, 111 S.Ct. 850, 857 (1991); James v. Kentucky, 466 U.S. 341, 348-51, 104 S.Ct. 1830, 1835-37 (1984).  The state procedural rule used must be clear, consistently applied, and well-established at the time of the petitioner's purported default. Fields v. Calderon, 125 F.3d 757, 760 (9th Cir. 1997); Calderon v. United States Dist. Court (Bean), 96 F.3d 112, 129 (9th Cir. 1996), *cert. denied,* 117 S.Ct. 1569.

Independent

"For a state procedural rule to be 'independent,' the state law basis for the decision must not be interwoven with federal law." LaCrosse, 244 F.3d at 704 (*citing* Michigan v. Long, 463 U.S. 1032, 1040-41, 103 S.Ct. 3469 (1983)); Morales v. Calderon, 85 F.3d 1387, 1393 (9th Cir. 1996) ("Federal habeas review is not barred if the state decision 'fairly appears to rest primarily on federal law, or to be interwoven with federal law.'" (*quoting* Coleman, 501 U.S. at 735, 111 S.Ct. 2456)).  "A state law is so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.'" Park, 202 F.3d at 1152 (*quoting* Ake v. Oklahoma, 470 U.S. 68, 75, 105 S.Ct. 1087 (1985)).

"[U]nless the state court makes clear that it is resting its decision denying relief on an

12

independent and adequate state ground, it is presumed that the state denial was based at least in part upon federal grounds, and the petitioner may seek relief in federal court.'" LaCrosse, 244 F.3d at 704.

To be deemed adequate, the state law ground for decision must be well-established and consistently applied. Poland v. Stewart, 169 F.3d 573, 577 (9th Cir. 1999) ("A state procedural rule constitutes an adequate bar to federal court review if it was 'firmly established and regularly followed' at the time it was applied by the state court.")(*quoting* Ford v. Georgia, 498 U.S. 411, 424, 111 S.Ct. 850 (1991)). Although a state court's exercise of judicial discretion will not necessarily render a rule inadequate, the discretion must entail "'the exercise of judgment according to standards that, at least over time, can become known and understood within reasonable operating limits.'" Id. at 377 (*quoting* Morales, 85 F.3d at 1392). State rules that are too inconsistently or arbitrarily applied to bar federal review "generally fall into two categories In Robbins, the California Supreme Court stated: "[W]hen in our orders we impose the bar of untimeliness, this signifies that we ... have determined that the petitioner has failed to establish the absence of substantial delay or good cause for delay, and that none of the four exceptions set out in Clark apply." Robbins, 18 Cal.4th at 814 n. 34, 77 Cal.Rptr.2d 153, 959 P.2d at 340 n. 34 (citations omitted).

In this case, the California Supreme Court denied Petitioner's habeas corpus petition with citations to to In re Robbins, 18 Cal.4th 770 (1998) and In re Clark, 5 Cal.4th (1993). In Clark, the California Supreme Court emphasized that it has never condoned piecemeal presentation of known claims and repetitious presentation of previously denied claims.[1] In re Clark, 5 Cal.4th 750, 760, 21 Cal.Rptr.2d 509, 521 (1993). The court further held that to entertain the merits of a successive petition would be inconsistent with the its recognition

---

[1] The California Supreme Court also held that although California Penal Code § 1475 does not limit the court's power to decline to consider a successive petition, it does not compel the courts to consider successive petitions on the merits. Further, the statute does not purport to restrict the court's inherent power to control its calendar and prevent abuse of the writ. In re Clark, 5 Cal.4th 750, 771, 21 Cal.Rptr.2d 509, 522 (1993).

13

that the delayed and repetitious presentation of claims is an abuse of the writ.  Id.   In Robbins, the California Supreme Court stated: "[W]hen in our orders we impose the bar of untimeliness, this signifies that we ... have determined that the petitioner has failed to establish the absence of substantial delay or good cause for delay, and that none of the four exceptions set out in Clark apply."  Robbins, 18 Cal.4th at 814 n. 34, 77 Cal.Rptr.2d 153, 959 P.2d at 340 n. 34 (citations omitted).   Bennett v. Mueller, provides that the untimeliness rule was independent after In re Robbins.  Bennett v. Mueller, 322 F.3d 573, 581-83 (9th Cir. 2003).  Further, it cannot reasonably be argued that the timeliness rule was not clear, consistently applied, and well-established at the time of Petitioner's purported default. Accordingly, the court finds that the ground for the default was adequate.

If the court finds an independent and adequate state procedural ground, "federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice."  Noltie v. Peterson, 9 F.3d 802, 804-805 (9th Cir. 1993); Coleman, 501 U.S. at 750, 111 S.Ct. 2456; Park, 202 F.3d at 1150.

In this case, Petitioner claims that his status as a "de facto mental incompetent" precludes the requirement that he show cause and prejudice for his procedural default. Petitioner argues instead that his case resulted in a fundamental miscarriage of justice.  As set forth above, this is not the standard to be applied.  Rather, it is whether the failure to consider the claims will result in a fundamental miscarriage of justice.  In the interests of justice, the court will presume that Petitioner seeks to make the argument that the failure of this court to consider his contention will result in a fundamental miscarriage of justice, because Petitioner received ineffective assistance of counsel.

To consider the issue of a fundamental miscarriage of justice, this court must consider the merits of Petitioner's contention.   Petitioner contends that his trial counsel was ineffective for failing to ask for a competency hearing before trial under California Penal

14

Code Sections 1367 and 1368, and the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

On April 16, 1997, trial counsel filed a declaration in connection with Petitioner's petition for writ of habeas corpus filed in the Court of Appeal. Exhibit H to Respondent's Answer to Amended Petition, 4- 8. In her declaration, Trial Counsel responds to Petitioner's claim that she failed to investigate his mental impairments. Petitioner states in her declaration that she was acquainted with Petitioner before the shooting incident and had discussed his civil litigation with him several times. She expressly states that she never found Petitioner to be mentally incompetent. To the contrary, he was always able to intelligently describe and discuss complex legal matters. Id. at 4. It was only after the shooting incident that counsel learned that Petitioner had suffered a serious head injury many years before. Petitioner was the proprietor of a private club and a recording artist and it was not evident that he suffered a mental impairment so as to interfere with these business ventures. Id. Trial counsel met often with Petitioner during her representation of him and Petitioner was always consistent in relating the events and indicated no inability to recall or describe in great detail what had occurred. Id.

Once trial counsel was aware of Petitioner's head injury, she investigated the possibility of any potential mental defenses. Counsel contacted Dr. Francis Matychowiak, Petitioner's treating physician. Trial counsel knew Dr. Matychowiak was regularly appointed by the Kern County Superior Court as an expert witness in cases involving competency, insanity, and fitness for trial. Id. at 5. In her declaration, trial counsel states in part:

> 17. Dr. Matychowiak said that, in his professional opinion, there would be no mental defense in the classic sense of insanity or diminished capacity. He further said that none of the petitioner's mental impairments would affect his ability to premeditate or to fabricate. Dr. Matychowiak told me that the petitioner's brain damage did not interfere with his ability to perceive and describe events even when under great emotional stress. He indicated that the petitioner's primary difficulty was a strong sense of anxiety. Dr. Matychowiak told me that, in his opinion, he could not differentiate the cause of the petitioner's mental problems between organic brain

damage and his alcohol and drug usages.

Id. at 5 -6.

The test for whether a competency hearing is required is whether there is a "substantial" or "bona fide" doubt as to a defendant's competence. See Davis v. Woodford, 383 F.3d 628 (9th Cir. 2003). "To be competent to stand trial, a defendant must demonstrate an ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him." *Douglas v. Woodford,* 316 F.3d 1079, 1094 (9th Cir.2003).

The Ninth Circuit has explained that, "[a]lthough no particular facts signal a defendant's incompetence, suggestive evidence includes the defendant's demeanor before the trial judge, irrational behavior of the defendant, and available medical evaluations of the defendant's competence to stand trial."   Williams v. Woodford, 306 F.3d 665, 702 (9th Cir. 2002). The court finds, after reviewing all of the parties' arguments, that in light of the evidence before her, trial counsel's decision not to request a competency hearing for Petitioner did not fall below the level of reasonably competent counsel.  Indeed, the court finds that trial counsel's decision amounted to a reasonable professional judgment considering the circumstances.  The court further finds, therefore, that Petitioner cannot prevail on a claim of ineffective assistance of counsel on this issue.  Thus, Petitioner can not prevail on his claim of a fundamental miscarriage of justice so as to overcome the procedural bar in this case.  The court concludes, therefore, that this issue is procedurally barred and will not address it.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1)     The petition for writ of habeas corpus is DENIED;

16

2)     The Clerk of the Court is directed to enter judgment for Respondent and to close this case.IT IS SO ORDERED.

**Dated:**   **March 20, 2006**                 **/s/ William M. Wunderlich**
mmkd34                                         UNITED STATES MAGISTRATE JUDGE